```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- x
KEVEREL YOUNG,                                                    :
                                                                  :
                               Plaintiff,                         :
                                                                  :        MEMORANDUM AND ORDER
                -against-                                         :
                                                                  :        11-CV-4105 (DLI)(RER)
                                                                  :
UNITED PARCEL SERVICE                                             :
GENERAL SERVICES CO.,                                             :
                                                                  :
                               Defendant.                         :
                                                                  :
----------------------------------------------------------------- x
```

**DORA L. IRIZARRY, United States District Judge:**

Plaintiff, a former salesperson for United Parcel Service General Services Company ("UPS"), initiated this action by filing an administrative charge with the New York State Division of Human Rights ("NYSDHR") on March 16, 2009, alleging that UPS terminated him on the basis of his race, age, and national origin. (*See* NYSDHR Verified Complaint, Doc. Entry No. 4-2.) NYSDHR investigated the complaint and dismissed the complaint on August 6, 2010, finding "no probable cause" for the discrimination allegations contained in the complaint. (NYSDHR Determination & Order After Investigation, Doc. Entry No. 4-3.) On May 10, 2011, plaintiff filed a complaint in Kings County Supreme Court, alleging the same allegations of unlawful discrimination against UPS. (Compl., Doc. Entry No. 4-4.)

UPS promptly removed the instant action to this court (*see* Not. of Removal, Doc. Entry No. 1) and then moved, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, to dismiss the complaint for lack of subject matter jurisdiction (*see* Def. Mot. to Dismiss, Doc. Entry No. 4). Plaintiff opposed UPS's motion to dismiss (*see* Pl. Opp., Doc. Entry No. 5) and moved to remand this case, contending that UPS failed to satisfy the amount-in-controversy requirement for removal (*see* Pl. Mot. for Remand, Doc. Entry No. 6). The Court requested

supplemental briefing from the parties regarding the amount in controversy, which UPS, alone, submitted (*see* Def. Letter Br., dated 12/12/11, Doc. Entry No. 10). For the reasons set forth below, defendant UPS's motion to dismiss is granted with prejudice and plaintiff's motion for remand is denied.

## REMAND

The only issue in dispute with respect to the propriety of UPS's removal of the action to this Court is whether UPS has satisfied the amount-in-controversy requirement. UPS presented evidence regarding this requirement in its supplemental brief. At the time of his termination, plaintiff earned an annual salary of $66,600. (Def. Letter Br., Exs. A, B; Riddick Aff., ¶ 7.) At the time UPS filed for removal, plaintiff was demanding 35 months of back pay, or $194,250.00. Moreover, plaintiff seeks damages for "compensatory and punitive damages" in addition to "damages for mental anguish, attorneys' fees and further relief as the Court deems just." (Compl., *ad damnum* clause ¶¶ 1-3.) The court is satisfied that the amount in controversy in the instant action exceeds $75,000 and the removal was proper. Accordingly, plaintiff's motion for remand is denied.

## DISMISSAL

"[A] claim is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) a district court may consider evidence outside the pleadings." *Id*. Courts must consider whether subject matter jurisdiction exists before reaching the merits of a claim. *See id*.

UPS contends that plaintiff is barred from litigating his claims by the election of remedies doctrine, which deprives this Court of subject matter jurisdiction. Under New York Executive Law § 279(9), "[a]ny person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction . . . unless such person has filed a complaint hereunder or with any local commission on human rights." N. Y. Exec. Law § 279(9). There is a similar provision in New York City Human Rights Law. *See* N.Y.C. Admin. Code § 8-502(a) ("[A]ny person claiming to be aggrieved by an unlawful discriminatory practice . . . or by an act of discriminatory harassment or violence . . . shall have a cause of action in any court of competent jurisdiction for damages, including punitive damages, and for injunctive relief and such other remedies as may be appropriate, unless such person has filed a complaint with the city commission on human rights or with the state division of human rights with respect to such alleged unlawful discriminatory practice or act of discriminatory harassment or violence."). It is well settled that the election of remedies doctrine operates as a jurisdictional bar to suits arising under the NYSHRL and the NYCHRL. *See, e.g.*, *Whidbee v. Garzarelli Food Specialties, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000) ("We hold that the prohibition against filing in state court after a complaint has been filed with the Division of Human Rights applies to state law claims in federal courts as well.").

In the instant action, plaintiff filed an administrative charge with the NYSDHR. He had the opportunity to seek judicial review of the NYSDHR's determination, but failed to do so. The claims contained in the instant action allege the same discriminatory conduct that was at issue in his NYSDHR. Accordingly, he is barred from pursuing his claims in this Court or the courts of the State of New York by the election of remedies doctrine.

The instant action does not fall within one of the exceptions to the election of remedies doctrine. The two exceptions to this jurisdictional bar involve cases in which: (1) the administrative agency dismissed a complaint for "administrative convenience," or (2) the complaint was "dually filed" with the Equal Employment Opportunity Commission ("EEOC") pursuant to the Title VII requirement that all complaints filed directly with that federal agency be referred to the local agency. *See Jackson v. N.Y. State Dep't of Labor*, 709 F. Supp. 2d 218, 224-225 (S.D.N.Y. 2010). The NYSDHR dismissed plaintiff's charge because it found "no probable cause" to support plaintiff's allegations, thereby making the first exception unavailable. Furthermore, plaintiff filed his charge with the NYSDHR, which then forwarded his complaint to the EEOC. Indeed, this chronology is the opposite of what is contemplated by the second exception. This case does not present a situation in which the EEOC received a complaint and then provided a copy to the local agency for duty-sharing purposes. *See Id*. (dismissing plaintiff's claim under the election of remedies doctrine as plaintiff initially filed an administrative charge with a local agency rather than the EEOC, and then later attempted to file an action in federal court raising the same claims). For these reasons, the court finds that the instant action is barred by the election of remedies doctrine and plaintiff has failed to satisfy either of the exceptions. Accordingly, UPS's motion to dismiss is granted with prejudice.

**CONCLUSION**

For the reasons set forth above, defendant's motion to dismiss is GRANTED with prejudice and plaintiff's motion for remand is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
       March 12, 2012

/s/
DORA L. IRIZARRY
United States District Judge